IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| FREDERICK LAMONT JONES, | |
| Plaintiff, | CIVIL ACTION NO.: 6:22-cv-31 |
| v. | |
| OGEECHEE JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE; SCREVEN COUNTY SHERIFF'S DEPARTMENT; and JUDGE F. PEED, | |
| Defendants. | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Finally, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 3.

## PLAINTIFF'S CLAIMS[1]

Plaintiff, an inmate at Central State Prison, brings claims under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. Doc. 1. Plaintiff explains he appeared in front of Judge F. Peed for a criminal matter brought by the Ogeechee Judicial Circuit District Attorney's Office. Id. at 6. Plaintiff attempted to show Judge Peed the criminal matter against him had been "stricken[] and dismissed" and attempted to bring other matters to the judge's attention. Id. Judge Peed and the Ogeechee Judicial Circuit District Attorney rejected Plaintiff's submissions and informed him the case against him would proceed to trial in July of this year. Id. It is unclear what, precisely, Plaintiff contends Judge Peed and the district attorney did that violated Plaintiff's constitutional rights, aside from rejecting Plaintiff's challenges to a pending criminal prosecution. Plaintiff has also named the Screven County Sheriff's Department as a Defendant but makes no allegations against it. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

(1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.     Ogeechee Judicial Circuit District Attorney**

Plaintiff brings claims against the Ogeechee Judicial Circuit District Attorney, presumably against the district attorney and the assistant district attorneys prosecuting his pending criminal case. Doc. 1. Plaintiff's claims against this Defendant fail. Prosecutors are entitled to absolute immunity for claims for claims seeking "monetary relief arising out of actions performed within their official authority." Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. 1981). A prosecutor is entitled to absolute immunity from § 1983 liability when he acts within the scope of his prosecutorial duties "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 420, 431 (1976). Determining when and how to prosecute a case are normal prosecutorial functions. Allen v. Se. Ga. Health Sys., No. CV208-146, 2009 WL 982102, at *3 (S.D. Ga. Apr. 10, 2009) (citing Tarter, 646 F.2d at 1012). Therefore, Plaintiff's claims against Defendant Ogeechee Judicial Circuit District Attorney fail.

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Ogeechee Judicial Circuit District Attorney.

## II.     Judge F. Peed

Plaintiff is also asserting a § 1983 claim against Judge F. Peed.  Doc. 1.  His claim fails. Judges enjoy absolute immunity from § 1983 suits for "acts committed within their judicial jurisdiction."  Imbler, 424 U.S. at 418 (quotation omitted).

> Absolute judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction . . . .  Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (citations and quotations omitted). Deciding motions and determining whether a jury trial should be held case are normal judicial functions in a case pending before the judge.  Therefore, Plaintiff's claims against Judge Peed fail.  Thus, I **RECOMMEND** the Court to **DISMISS** Plaintiff's § 1983 claims against Judge Peed.

## III.    Screven County Sheriff's Department

Plaintiff is suing the Screven County Sheriff's Department as a Defendant.  Doc. 1.  In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  The Screven County Sheriff's Department is not an entity subject to suit under § 1983.  Lovelace v. DeKalb Central Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities

subject to suit); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same).

In addition, Plaintiff does not make any factual allegation against the Screven County Sheriff's Department in his Complaint, suggesting he is attempting to state a respondeat superior claim for the actions of the Department's employees, which is a claim not cognizable under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Accordingly, I **RECOMMEND** the Court **DISMISS** the Screven County Sheriff's Department. Because I have recommended the Court dismiss all Defendants named in this case, I also **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint and **DIRECT** the Court of Clerk to close this case.

### IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Finally, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 3.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of May, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA